# EXHIBIT A

Insurance Commissioner
ACCEPTED SOP

JUN 0 5 2025
TIME: _8 am_

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR (1) DAMAGES AND DECLARATORY RELIEF, (2) BREACH OF CONTRACT, (3) VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT, AND (4) INSURANCE BAD FAITH** |
| v. | |
| TWIN CITY FIRE INSURANCE COMPANY, a foreign insurer authorized by the Washington insurance commissioner, | |
| Defendant. | |

Plaintiff Costco Wholesale Corporation ("Costco"), for its Complaint for Declaratory Relief and Damages, Breach of Contract, Violations of the Insurance Fair Conduct Act, and Insurance Bad Faith against defendant Twin City Fire Insurance Company ("Twin City"), alleges:

## PARTIES

1. Plaintiff Costco is a Washington corporation qualified to do business in the State of Washington with its principal place of business in King County, Washington. Costco has paid all applicable fees and licenses, and satisfied all conditions precedent to bringing this action.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

2.  Defendant Twin City is a foreign insurer authorized by the Washington insurance commissioner that issued an insurance contract insuring an entity that resides in King County, Washington and has failed to provide coverage demanded by that entity.

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over this action pursuant to, among other things, RCW 7.24.010 and .030 because this action presents a justiciable controversy between the parties regarding Twin City's obligations to Costco under the insurance policy at issue. This is an actual and existing dispute within the meaning of Chapter 7.24 RCW, between parties with genuine and opposing interests which are direct and substantial, a judicial determination of which will be final and conclusive.

4.  This Court has subject matter jurisdiction under RCW 48.30.015 pursuant to the Insurance Fair Conduct Act as Twin City has unreasonably refused to acknowledge and provide coverage and payment of benefits to Costco.

5.  This Court has personal jurisdiction over Twin City pursuant to, among other things, RCW 4.28.185 and RCW 48.05.200 because Twin City insured Costco which has resided in King County, Washington at all relevant times, and Twin City wrongfully failed to acknowledge and satisfy its coverage obligations to Costco for the lawsuit at issue in this action.

6.  Venue for this action properly lies in this Court pursuant to, among others, RCW 48.05.220 because Twin City insured Costco which has resided in King County, Washington at all relevant times, and wrongfully denied Costco's demand for coverage for the underlying lawsuit at issue in this action. This action is properly brought in the Seattle Division under LR 82(a) because Costco resides North of Interstate 90 in King County, Washington.

**GENERAL ALLEGATIONS**

7.  On or about August 12, 2019, Costco entered into a written Costco Wholesale Global Import Supplier Agreement (the "Agreement") with Traeger Pellet Grills, LLC ("Traeger"). Under Agreement, Traeger agreed to supply merchandise to Costco. Traeger also agreed to

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

indemnify Costco and maintain certain general liability insurance (including, without limitation, products and completed operations liability and contractual liability) naming Costco as an additional insured thereunder.

8. The Agreement between Costco and Traeger expressly provides that it shall be governed by Washington law.

9. On information and belief, at Traeger's request, Twin City issued a commercial general liability policy to named insured Traeger that was in effect from at least May 1, 2021, to May 1, 2022 (the "Policy").

10. On information and belief, pursuant to the Agreement, Traeger requested that Twin City name Costco as an additional insured "vendor" under the Policy.

11. On information and belief, Twin City did in fact make Costco an additional insured under the Policy.

12. The Policy requires Twin City to, among other things, pay all sums which an insured (including additional insured Costco) becomes legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence during the policy period, and to defend Costco in any suit seeking such damages.

13. On December 13, 2023, Troy Ryder ("Ryder") filed against Costco a complaint in San Joaquin (California) County Superior Court Case No. STK-CV-UPI-2023-0006254 (the "Ryder Suit"). The Ryder Suit sought to recover damages for bodily injury and allegedly sustained by Ryder that arose at least in part out of a Traeger product when Ryder allegedly was injured by Traeger's heavy grill box that allegedly did not show or warn of the weight of the box or specify or provide means of safely moving the box.

14. The Policy was in effect at the time of the injury alleged in the Ryder Suit. The allegations of the Ryder Suit triggered Twin City's coverage obligations to Costco under the Policy, including but not limited to providing Costco with a fully-funded defense and funding

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1    up to the amount of stated policy limits of a reasonable settlement reached or adverse judgment

2    entered in that suit.

3          15. Costco tendered the Ryder Suit to Twin City under the Policy, and demanded that

4    Twin City acknowledge and satisfy its coverage obligations to Costco in the Ryder Suit.

5          16. Since receiving Costco's coverage tender of the Ryder Suit, Twin City has

6    repeatedly refused to acknowledge and satisfy its coverage obligations to Costco for that suit.

7          17. Twin City did not seek a judicial determination that it had no coverage obligations

8    to Costco in the Ryder Suit.

9          18. Twin City's failure to provide coverage to Costco for the Ryder Suit was wrongful

10    and unreasonable.

11          19. Costco has been damaged and will continue to suffer damage as a result of Twin

12    City's wrongful and unreasonable refusal to provide coverage to Costco for the Ryder Suit,

13    including defending and paying a reasonable settlement or adverse judgment in that suit. For

14    example, Costco has already incurred attorney fees and costs defending against that suit, and in

15    pursuing the coverage to which Costco is entitled from Twin City under the Policy (including

16    without limitation the cost of bringing and ultimately litigating this action to obtain the full

17    benefit of the Policy under which Costco is insured).

18          20. Costco mailed its Insurance Fair Conduct Act ("IFCA") claim notification to the

19    Office of the Insurance Commissioner more than 23 days prior to filing and serving this lawsuit.

20    **<u>FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT</u>**

21          21.    Costco incorporates herein by reference so much of the other portions of the

22    Complaint as is not inconsistent with this first cause of action.

23          22.    An actual and justiciable controversy has arisen and now exists between Costco

24    and Twin City concerning Costco's rights and Twin City's obligations under the Policy.

25    Specifically, Costco contends that Twin City has a duty to defend against and pay a reasonable

26

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

settlement reached or adverse judgment entered in the Ryder Suit. Despite Costco's demand that it do so, Twin City has repeatedly failed to acknowledge and satisfy any of those duties.

23.     Costco is entitled to a judicial determination of its rights and Twin City's obligations under the Policy with respect to the Ryder Suit, and specifically that:

a.     Twin City is obligated to provide a complete defense to Costco in the Ryder Suit, including paying for all attorney fees, costs, expert witnesses fees and other legal expenses incurred by Costco from the commencement through the conclusion of that suit;

b.     Twin City is obligated to fund any reasonable settlement of the Ryder Suit that Costco is able to negotiate and/or pay any judgment ultimately entered against Costco in that suit; and

c.     Twin City has breached and will continue to breach the Policy by refusing to acknowledge or satisfy its coverage obligations to Costco with respect to the Ryder Suit.

24.     A determination by this Court of the parties' respective rights, duties and liabilities under the Policy is necessary and proper at this time.

**SECOND CAUSE OF ACTION: BREACH OF CONTRACT**

25.     Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this second cause of action.

26.     Costco has duly performed each and every condition of the Policy on its part to be performed.

27.     Twin City has failed and refused to perform its obligations set forth in the Policy in that it has repeatedly failed to fund Costco's defense against the Ryder and pay any reasonable settlement reached by or judgment ultimately entered against Costco in that suit. As such, Twin City has breached its contractual duties to Costco.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 5

28.     As a direct and proximate result of Twin City's breach of its contractual duties, Costco incurred and will continue to incur substantial damages according to proof at trial, including but not limited to attorney fees, costs and expert fees incurred and to be incurred in defending against the Ryder Suit. Furthermore, Costco has incurred and continues to incur fees and costs to obtain the full benefits to which it is entitled under the Policy.

<u>**THIRD CAUSE OF ACTION: VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT**</u>

29.     Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this third cause of action.

30.     Under IFCA, Twin City owed a duty not to unreasonably deny a claim for coverage or payment of benefits to an insured.

31.     Twin City's aforementioned failures to acknowledge and satisfy Costco's right to coverage for the Ryder Suit constitutes an unreasonable denial of Costco's claim for coverage and payment of benefits to Costco.

32.     By unreasonably failing to pay all covered loss and damage sustained by Costco, Twin City committed bad faith and violated IFCA, including but not limited to under RCW 48.30.010, RCW 48.30.015, and WAC 284-30-330, et seq.

33.     Costco sent Twin City and the Washington Office of the Insurance Commissioner a notice pursuant to IFCA more than 23 days prior to filing and serving this lawsuit.

34.     Twin City has not cured the violations set forth in that notice.

35.     Costco has sustained damages as a direct and proximate result of Twin City's bad faith. As a result, Costco is entitled to recover damages from Twin City for all amounts properly owned under the Policy (equal to the full cost of a fully funding the defense of the Ryder Suit and funding up to the amount of stated policy limits of a reasonable settlement

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

1  reached or adverse judgment entered in that suit), treble damages, and attorney fees and

2  expenses to the full extent allowed by the law.

3  **FOURTH CAUSE OF ACTION: INSURANCE BAD FAITH**

4  36.  Costco incorporates herein by reference so much of the other portions of the

5  Complaint as is not inconsistent with this fourth cause of action.

6  37. Under applicable Washington decisional, statutory, and regulatory law, Twin City

7  owed a duty to act in good faith toward Costco, including, but not limited to, not prioritizing its

8  own interests over the Costco's interest.

9  38. Twin City failed to act in good faith and violated applicable claims handling laws

10 by not providing Costco with full coverage for the Ryder Suit. Twin City's violations and

11 refusal to provide full coverage were unreasonable, frivolous and unfounded and thus constitute

12 bad faith under applicable insurance law.

13 39. Twin City is accordingly estopped from refusing to provide the full coverage for the

14 Ryder Suit.

15 40. Costco has sustained damages as a direct and proximate result of Twin City's bad

16 faith. As a result, Costco is entitled to recover damages from Twin City for all amounts properly

17 owed under the Policy (equal to the full cost of a fully funding the defense of the Ryder Suit

18 and funding up to the amount of stated policy limits of a reasonable settlement reached or

19 adverse judgment entered in that suit), and attorney fees and expenses to the full extent allowed

20 by the law.

21 **PRAYER FOR RELIEF**

22 Plaintiff Costco requests the following relief from this Court:

23 1.  A declaration that Twin City has a duty to defend Costco against the Ryder Suit;

24 2.  A declaration that Twin City has a duty to pay any reasonable settlement reached

25 by or judgment ultimately incurred against Costco in the Ryder Suit;

26

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 7

3.      A declaration that Twin City breached the Policy by refusing to acknowledge and satisfy its coverage obligations to Costco with respect to the Ryder Suit;

4.      A judgment against Twin City for Costco's actual damages in the amount to be established at hearing or trial;

5.      A judgment against Twin City awarding Costco treble damages pursuant to IFCA;

6.      A judgment against Twin City for Costco's costs and attorney fees to the full extent allowed by law (for example, pursuant to Washington's *Olympic Steamship* doctrine and IFCA), in the amount to be established at hearing or trial;

7.      A judgment against Twin City for pre-judgment and post-judgment interest on the above amounts, to the full extent allowed by law;

8.      Permission to amend the pleadings to add additional claims verified during discovery and litigation, or claims that conform to the proof offered at the time of hearing or trial; and

9.      Such other relief as appears to this Court to be just and equitable.

Dated:   June 3, 2025                    BUCHALTER


By: /s/ *Bradley Hoff*
    Bradley Hoff, WSBA #23974
    Jennifer Oswald, WSBA #43253
    1420 Fifth Avenue, Suite 3100
    Seattle, WA  98101-1337
    T:  206.319.7060
    E:  bhoff@buchalter.com
    E:  joswald@buchalter.com

    *Attorneys for Plaintiff*
    COSTCO WHOLESALE CORPORATION,
    a Washington Corporation

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 8